71

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANCES TILGHMAN and
SHARON HEARD-McKNIGHT

VS.                                                                NO. 3:01CV1657(RNC)

WATERBURY BOARD OF EDUCATION,
MATTHEW BORRELLI and
PHILIP GIORDANO                                           JUNE 4, 2003

### DEFENDANTS' MOTION TO STRIKE

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Local Rule

56(a)(2), defendants move to strike the plaintiffs' Local Rule 56(a)(2) Statement, their

November 26, 2003.   Tilghman, et al. v. Waterbury Bd. of Educ., et al.,
3:01-CV-01657 (RNC)

Re:   Defendants' Motion to Strike [Doc. #71]

Denied.  Plaintiffs' amended Local Rule 56(a)(2) statements are accompanied by affidavits, so defendants' argument for striking them in their entirety is moot.   Defendants' argument that the court should strike all factual assertions lacking supporting citations to admissible evidence in the record as required by Local Rule 56(a)(3) appears to be novel; defendants cite no authority, and none has been found, that permits a court to do so. The better way to deal with this form of noncompliance in this case -- the one suggested by the Local Rule itself -- is to deem the pertinent matter admitted.  See Local Rule 56(a)(1).   Similarly, although a court may have discretion to strike from a Local Rule 56(a)(2) submission statements that could be stricken from an affidavit, see Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999)(court may strike parts of affidavit that are not based on personal knowledge, contain inadmissable hearsay or make generalized conclusory statements), the better approach here is to simply disregard material that is not properly presented.  See Epstein v. Kemper Ins. Cos., 210 F. Supp. 2d 308, 314 (S.D.N.Y. 2002); Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 156, 159 (E.D.N.Y. 1999). So ordered.

Robert N. Chatigny, U.S.D.J.