Case 3:01-cv-01657-DFM   Document 87-5   Filed 05/11/2004   Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANCES TILGHMAN and<br>SHARON HEARD-MCKNIGHT, | : | CIVIL ACTION NO.<br>301CV 01657 (RNC) |
| Plaintiffs, | : | |
| vs.<br>WATERBURY BOARD OF<br>EDUCATION, MATTHEW BORRELLI<br>and PHILIP GIORDANO, | : | |
| Defendants. | : | MAY 10, 2004 |

## DEFENDANT MATTHEW BORRELLI'S FIRST MOTION IN LIMINE

The Defendant Matthew Borrelli ("Borrelli") hereby moves, in limine, to preclude the Plaintiff Sharon Heard-McKnight ("Heard-McKnight") from admitting at trial a report from the Connecticut Commission on Human Rights and Opportunities ("CHRO") dated September 2000 (the CHRO's "Report"). The Report, entitled *Employment Practices in the Waterbury School District*, purports to be an "investigation" by the CHRO into the Waterbury Board of Education's (the "Board") past hiring practices. What the Report amounts to, however, is a litany of fiercely prejudicial remarks, based on unsubstantiated hearsay that concludes the Board's past practices amount to racial discrimination.

Presumably, Heard-McKnight will assert the Report is evidence of past discriminatory hiring practices, which could create an inference of discrimination in her case. However, there are four primary reasons the Court should exclude the Report.

First, this is not a failure to hire case. The Report is therefore entirely irrelevant to Heard-McKnight's case. In fact, Heard-McKnight was hired in August 1999, at a time when the CHRO <u>applauded</u> the Board's efforts to recruit minorities. What is more, Borrelli was the person who reviewed Heard-McKnight's job performance and then made the decision to recommend the non-renewal of her Contract. He did not have a role in hiring her. Moreover, Borrelli was hired by the Board in February 2000, which is <u>after</u> the hiring practices discussed in the Report. The supposedly improper hiring practices of persons other than Borrelli have no probative value in Heard-McKnight's case.

Second, even if the Report had any probative value, it is hearsay and fails to qualify as an exception under Fed. R. Evid. 803(8). The Report is based upon multiple layers of unsubstantiated hearsay. Hearsay statements were made by persons who either lacked first-hand knowledge about the Board's practices or who had a significant interest in the CHRO's findings. This included Heard-McKnight and her former co-plaintiff, Frances Tilghman. It prepared the Report after hearing comments at an open-forum

2

hearing, without giving the Board an opportunity to cross-examine witnesses. Under these circumstances, the Report lacks the indicia of reliability needed to satisfy Rule 803(8).

Third, the overwhelmingly prejudicial effect of the Report significantly outweighs its non-existent probative value. The CHRO states, in no uncertain terms, that the Board's past hiring practices constituted racial discrimination. It accuses the Board _and_ its attorneys of being dishonest. The CHRO even states the Board treated Heard-McKnight in a "disturbing" manner. Any reasonable jury will hear the same evidence considered by the CHRO and could feel compelled to reach the same conclusions. The jury may then believe that they have to punish Borrelli for the Board's transgressions, even though he had nothing to do with them. Even the strongest of instructions cannot dull the impact of the prejudicial remarks that permeate the Report.

Finally, the Report will unduly prolong the trial and confuse the relevant issues. If admitted, the Board will have to present substantial evidence to refute the CHRO's findings. This will create several "mini-trials" that will prolong the trial and confuse the jury.

For these reasons and those more thoroughly set forth in the attached Memorandum of Law, Borrelli requests the Court to preclude the admission of the Report at trial.

THE DEFENDANT,
MATTHEW BORRELLI,

BY: _____
Gary S. Starr
Fed. Bar No. ct 06038
Stephen M. Sedor
Fed. Bar No. ct21117
Shipman and Goodwin, LLP
One American Row
Hartford, CT 06103-2819
Phone: 860-251-5000
Fax:    860-251-5500


### CERTIFICATION

This shall certify that a copy of the Defendant's First Motion in Limine was mailed, postage prepaid, to the following counsel of record on this 10th day of May, 2004.

John R. Williams
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510

_____
Stephen M. Sedor

370289 v.01 S1

4