UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON HEARD-McKNIGHT | : |
| VS. | :   NO. 3:01CV1657(RNC) |
| WATERBURY BOARD OF EDUCATION | : |
| and MATTHEW BORRELLI | :   MAY 24, 2004 |

**DEFENDANT MATTHEW BORRELLI'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTIONS TO PLAINTIFF'S REQUESTED JURY INSTRUCTIONS**

I.  **INTRODUCTION**

On May 11, 2004, the plaintiff Sharon Heard-McKnight ("Heard-McKnight") and the defendant Matthew Borrelli ("Borrelli") filed their Joint Trial Memorandum (the "Memorandum"), which included the parties' proposed jury instructions. In the Memorandum, Borrelli objected to Heard-McKnight's proposed instructions as to her burden of proving racial discrimination and her proposed charge regarding damages. Borrelli now submits this Supplemental Memorandum of Law to provide further reasons why the court should not instruct the jury in the manner requested by Heard-McKnight.

First, Heard-McKnight's proposed instructions fail to set forth the burden that she has in this case. In discrimination cases, jury instructions typically fall into two categories: "mixed motive" cases and "pretext" cases. Heard-McKnight, however, has failed to clearly propose either one of these instructions. She has simply requested the jury to go directly to the issue of damages if it finds that her race was a "motivating factor" in the challenged employment decision. This proposed charge not only reduces her burden of proof, but also fails to give Borrelli the chance to show why he advised her that he was going to recommend the non-renewal of her contract.

Second, Heard-McKnight's proposed instructions ask the jury to compute her lost front pay. However, an award of front pay, if any, rests with the sound discretion of the trial court. Therefore, the jury should not be charged on this issue.

## II. ARGUMENT

### A. HEARD-MCKNIGHT'S PROPOSED INSTRUCTIONS FAIL TO ACCURATELY SET FORTH HER BURDEN OF PROVING A CLAIM FOR RACIAL DISCRIMINATION UNDER 42 USC § 1983

Heard-McKnight's proposed instructions fail to define with clarity the type of instruction that she is asking the court to give to the jury. Instead, she has requested a

2

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

charge that diminishes her burden of proof and disregards Borrelli's reasons for the challenged employment action.

In employment discrimination cases, jury instructions typically fall into two categories: "mixed motive" cases and "pretext" cases. See Luciano v. Olsten Corp. et al., 110 F.3d 210, 218 (1997); Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1180 (2d. Cir. 1992). In a mixed motive case, there is credible evidence of both permissible and impermissible factors influencing the challenged adverse action. Luciano, supra at 218. "In such a case, once the plaintiff sustains the burden of proving, that ... an impermissible factor had a motivating role in the employment decision [citations omitted] the burden of persuasions shifts to the employer to prove as an affirmative defense that it would have made the same decision even in the absence of the discriminatory factor." Id.

"By contrast, in a pretext case, the burden of persuasion never shifts. After the plaintiff has established a prima facie case of [discrimination] in a pretext case, [citations omitted], the defendant does not bear the burden of proving that [race] was not a factor in its decision. Rather, once the employer articulates a legitimate reason for its decision, the ultimate burden of proving that the challenged employment decision was the result of intentional discrimination remains with the plaintiff." Luciano, supra, *citing* St. Mary's

3

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).

This distinction is important for two reasons. First, as set forth above, a plaintiff who receives a mixed-motive charge can shift the burden of persuasion to the defendant, while in a pretext case the burden always remains with the plaintiff. Second, to be entitled to a mixed-motive charge, the plaintiff's initial evidentiary burden is higher than that in a pretext case. To obtain a mixed-motive charge, a plaintiff must provide direct evidence of discrimination or indirect evidence of discrimination which is "tied directly to the alleged discriminatory animus." Id. This presents no easy task. For example, as the Second Circuit Court of Appeals held in Ostrowski v. Atlantic Mutual Insurance Co., 968 F.2d 171, 181 (2d Cir. 1992):

> Purely statistical evidence would not warrant such a charge; nor would evidence merely of the plaintiff's qualification for and the availability of a given position; nor would stray remarks in the workplace by persons who are not involved in the decision-making process. Those categories of evidence, though they may suffice to present a prima facie case under the framework set forth in McDonnell Douglass Corp v. Green, 411 US 792...they would not suffice, even if credited, to warrant a Price Waterhouse charge.

4

Indeed, not all evidence that is probative of discrimination will entitle the plaintiff to a Price Waterhouse charge. Ostrowski, supra at 182. Instead, the plaintiff is entitled to this charge only if she:

> "presents evidence of conduct or statements in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude and that evidence is sufficient to permit the fact-finder to infer that that attitude was more likely than not a motivating factor in the employer's decision."

Id.1; see also Hargett v. National Westiminister Bank USA, 78 F.3d 836, 840 (2d Cir. 1996)(Plaintiff's own testimony his supervisor saying he may "experience some unfair treatment based on his race" and testimony from another that he felt the plaintiff's termination involved "more to it than what happened" was insufficient to entitle plaintiff to a mixed-motive charge).2

---

1 In Ostrowski, the Court found the plaintiff was entitled to a Price Waterhouse charge because the conduct and statements from decision-makers that created an inference of discrimination. This included statements such as if "an employee 60 years old…there is no way he can contribute…" and that individuals should not have been hired, but they should instead have retired. Id. at 183.

2 Borrelli asserts that Heard-McKnight is not entitled to this charge. After completing the discovery in this matter, it is clear that she has no direct evidence of discrimination. Nor does she have any indirect evidence that creates an inference of discrimination.

Heard-McKnight's proposed instructions are unclear as to what type of instruction she is seeking. First, she suggests that she can prevail by simply showing that her race was a "motivating factor" in the challenged employment action. See Proposed Instruction 2. In this regard, it appears that she *could* be requesting a mixed-motive charge. However, if this is the case, her proposed instruction seriously fails to include the rigorous evidentiary standard set forth above to obtain this charge. Therefore, it makes it appear to a jury that all she has to prove is that race played *some* role and she prevails. This is obviously not the correct standard.

Heard-McKnight then confuses her proposed charge by stating she can prove her case by setting forth a prima facie case of discrimination using the McDonnell Douglass standard. See Proposed Instruction 4. To this extent, it appears that she is requesting a pretext charge. However, if this is the case, Heard-McKnight has failed to set forth the other factors the jury must consider; whether Borrelli had a legitimate reason for his decision and whether she can prove his reason was a pretext for discrimination. Moreover, the charge fails to mention that under the law, the burden of proof remains with her at all times. Luciano, supra at 218. Again, Heard-McKnight is trying to diminish her burden of

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

proof by making it appear as if she need only prove a <u>prima</u> <u>facie</u> case without regard to her remaining evidentiary obligations.

Finally, Heard-McKnight suggests that all she has to prove is that Borrelli "took some adverse action against her and that her race was a factor which played a part in [his] decision." <u>See</u> Proposed Instruction 6. This suggests that Heard-McKnight has virtually no burden of proof, except to demonstrate that her race played *some* factor as opposed to a motivating or determinative factor. There is no support whatsoever for this minimal burden of proof.

In sum, Heard-McKnight's jury instructions present a very serious risk of confusing the jury. They seek to diminish her burden of proof and fail to include any reference to Borrelli's reasons for his decision. Heard-McKnight's requests fail to adequately instruct the jury on what the law requires. Accordingly, Borrelli requests the court to instruct the jury consistent with the instructions that he proposed in the parties' Joint Trial Memorandum.

     **B.**    **THE COURT SHOULD NOT CHARGE THE JURY WITH RESPECT TO THE ISSUE OF FRONT PAY.**

Heard-McKnight has requested a charge regarding front pay. She has asked the

7

court to instruct the jury as follows:

> You shall also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that the plaintiff would have earned had she not been discriminated against for that period from the date of your verdict until the date when she would have voluntarily resigned or obtained other employment.

See Proposed Instruction 7.

The issue of front pay is not an issue the jury should decide. Front pay is an equitable remedy that may be awarded by the court when reinstatement is not feasible. Reed v. A.W. Lawrence & Co., 95 F.3d 1170 (2d Cir. 1996). "[W]hether or not front pay should be awarded is a matter within the discretion of the Court after consideration of the facts of the case." Newtown v. Shell Oil Co., 74 F. Supp. 2d 160, 161 (D. Conn. 1999).

The issue of front pay is an issue that the Court should decide. Any instruction concerning front pay is not relevant and would be unduly prejudicial to Borrelli. The Court should therefore refuse to give any such instruction.

### III.   CONCLUSION

Heard-McKnight's jury instructions concerning her equal protection claim are confusing and fail to set forth the true burden of proof that she has in this case. Moreover, they seek an instruction related to front pay, which is a determination to be made by the

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Court. For these reasons, Borrelli objects to Heard-McKnight's requests and asks the court to charge the jury in a manner that is consistent with the instructions he proposed in the Joint Trial Memorandum.

>                DEFENDANT,
>                WATERBURY BOARD OF EDUCATION
>                AND MATTHEW BORRELLI
>
>                By: _____
>                Stephen M. Sedor
>                Fed. Bar No. ct 21117
>                Shipman & Goodwin LLP
>                One American Row
>                Hartford, CT 06103-2819
>                (860) 251-5558
>                (860) 251-5500
>                e-mail address: ssedor@goodwin.com

## CERTIFICATION

This shall certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on this 24th day of May, 2004.

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

>                _____
>                Stephen M. Sedor

372396

9