UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARON HEARD-McKNIGHT | : | |
| | : | |
| VS. | : | NO. 3:01CV1657(RNC) |
| | : | |
| MATTHEW BORRELLI | : | MAY 22, 2004 |

**BRIEF IN OPPOSITION TO DEFENDANT'S FIRST MOTION IN LIMINE**

    The defendant has moved *in limine* to exclude the plaintiff's proposed Exhibit 17, a Report by the Connecticut Commission on Human Rights and Opportunities following its extensive investigation of racial discrimination by the Waterbury Board of Education. The report obviously is relevant to the issue of motive in this case, always a difficult question of proof in employment discrimination litigation.

    Rule 803(8)(c) of the Federal Rules of Evidence provides that in civil actions reports and statements of public agencies setting forth "factual findings resulting from an investigation made pursuant to authority granted by law" are ordinarily admissible. Beech Aircraft Corp. v. Rainey, 488 U.S. 153 (1988); Hill v. Marshall, 962 F.2d 1209 (6th Cir. 1992);Tveraas v. Coffey, 818 F.Supp. 75 (D. Vt. 1993) (Parker, C.J.). The only exception to this rule of admissibility is the judicial gloss that the reports are not to be admitted if they

1

appear to be untrustworthy.  The party opposing admissibility, however, has the burden of making "an affirmative showing of untrustworthiness...." Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 805 F.2d 49 (2d Cir. 1986); Montiel v. City of Los Angeles, 2 F.3d 335 (9th Cir. 1993).  See, Kehm v. Proctor & Gamble Mfg. Co., 724 F.2d 613 (8th Cir. 1983); Ellis v. International Playtex, Inc., 745 F.2d 292 (4th Cir. 1984).  See generally Gentile v. County of Suffolk, 926 F.2d 142 (2d Cir. 1991).  The presumption of trustworthiness accorded to the reports of public agencies is to be based upon a determination "that the report contains factual findings based on a factual investigation....It is the methodology of factual investigation which provides a threshold safeguard against untrustworthiness." Ariza v. City of New York, 139 F.3d 132, 134 (2d Cir. 1998).

Factors which courts will consider in determining the trustworthiness of such a report are the timeliness of the investigation, the skill and experience of the investigator, and whether a hearing was held in connection with the making of the report.  Hines v. Brandon Steel Decks, Inc., 886 F.2d 299 (11th Cir. 1989).  Each of these factors was present in the genesis of the proposed exhibit.[1]

The motion in limine should be denied.

---

[1] The plaintiff will furnish a copy of the proposed exhibit to the court if desired.

2

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
TELEPHONE: 203.562.9931
FAX: 203.776.9494
E-MAIL: jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Gary S. Starr, Esq., Shipman & Goodwin LLP, One American Row, Hartford, CT 06103.

_____
JOHN R. WILLIAMS

3