UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARON HEARD-McKNIGHT | : | |
| | : | |
| VS. | : | NO. 3:01CV1657(RNC) |
| | : | |
| MATTHEW BORRELLI | : | MAY 22, 2004 |

### BRIEF IN OPPOSITION TO DEFENDANT'S THIRD MOTION IN LIMINE

The defendant has moved in limine to preclude the plaintiff from presenting any evidence concerning racial discrimination in employment within the Waterbury School System prior to 1999. He claims it would not be relevant and that it would prejudice his case.

In an employment discrimination case, "direct evidence is not necessary, and a plaintiff charging discrimination against an employer is usually constrained to rely on the cumulative weight of circumstantial evidence. See Rosen v. Thornburgh, 928 F.2d 528, 533 (2d Cir. 1991) ('An employer who discriminates is unlikely to leave a 'smoking gun,' such as a notation in an employee's personnel file, attesting to a discriminatory intent.')." Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997). The past history of the school district, even if prior to the defendant's personal entrance upon the stage, is circumstantial

1

evidence which can help establish the impermissible motivation for the defendant's actions.

Under Rule 401, evidence is relevant if it has any tendency to make the existence of a material fact more probable than it would be without the evidence. This rule establishes a liberal standard favoring admissibility of evidence. <u>International Merger & Acquisition Consultants v. Armac Enterprises, Inc.</u>, 531 F.2d 821, 823 (7th Cir. 1976). The plaintiff's proposed evidence meets this test. "An item of evidence, being but a single link in the chain of proof, need not prove conclusively the proposition for which it is offered. It need not even make that proposition appear more probable than not. Whether the entire body of one party's evidence is sufficient to go to the jury is one question. Whether a particular item of evidence is relevant is quite another. It is enough if the item could reasonably show that a fact is slightly more probable than it would appear without that evidence....A brick is not a wall." <u>McCormick on Evidence</u>, § 185, p. 339 (4th Ed. 1992).

Circumstantial evidence is in no way inferior to direct evidence. "Circumstantial evidence is not less probative than direct evidence, and, in some instances, is even more reliable." <u>United States v. Andrino</u>, 501 F.2d 1373, 1378 (9th Cir. 1974). Even in criminal cases, convictions "can rest solely on circumstantial evidence, which is intrinsically as probative as direct evidence." <u>United States v. Young</u>, 568 F.2d 588, 589 (8th Cir. 1978). In cases involving prohibited discrimination, circumstantial evidence almost always must

be relied upon to prove a plaintiff's case.  "We have often acknowledged the utility of circumstantial evidence in discrimination cases....The reason for treating circumstantial and direct evidence alike is both clear and deep-rooted.  'Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.'  Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 508 n. 17 , 77 S. Ct. 443, 1 L.Ed.2 493 (1957)."  Desert Palace, Inc. v. Costa, 123 S. Ct. 2148, 2154 (2003).  "[A] litigant may, and often must, utilize circumstantial evidence to establish the elements of invidious discrimination, which may, in fact, have more probative value.  'As this court has stated on numerous occasions, there is no legal distinction between direct and circumstantial evidence so far as probative [value] is concerned.'" DiMartino v. Richens, 263 Conn. 639, 674-75 (2003), *quoting* State v. Brown, 199 Conn. 14, 22, 505 A.2d 690 (1986).

      The defendant's Third Motion in Limine should be denied.

3

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
TELEPHONE: 203.562.9931
FAX: 203.776.9494
E-MAIL: jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Gary S. Starr, Esq., Shipman & Goodwin LLP, One American Row, Hartford, CT 06103.

_____
JOHN R. WILLIAMS