

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCES TILGHMAN and <br> SHARON HEARD-MCKNIGHT, | :    CIVIL ACTION NO. <br> :    301CV 01657 (RNC) |
| Plaintiffs, | : |
| vs. | : |
| WATERBURY BOARD OF <br> EDUCATION, MATTHEW BORRELLI <br> and PHILIP GIORDANO, | : <br> : <br> : |
| Defendants. | :    MAY 10, 2004 |

### DEFENDANT MATTHEW BORRELLI'S SECOND MOTION IN LIMINE

The Defendant Matthew Borrelli ("Borrelli") hereby moves, in limine, to preclude the Plaintiff Sharon Heard-McKnight's ("Heard-McKnight") former co-plaintiff, Frances Tilghman ("Tilghman"), from testifying about the non-renewal of her Administrator's Contract ("Contract"). Borrelli further moves to preclude Tilghman from giving an opinion about Heard-McKnight's competency as an Administrator for the Waterbury Board of Education (the "Board"). The only reason Heard-McKnight would present Tilghman's testimony would be to persuade the jury that Borrelli engaged in a pattern and practice of discrimination against African-Americans.

The court should exclude Tilghman's testimony because it is not relevant to Heard-McKnight's case. This court has granted summary judgment on Tilghman's claims, finding that she failed to produce sufficient evidence of discrimination. Since Tilghman's evidence is insufficient to get to a jury on her own claims, it cannot be presented to support Heard-McKnight's case. It would truly prejudice Borrelli if the court admits Tilghman's testimony as evidence of discrimination, after this court has already found that no discrimination occurred.

In addition, Tilghman's testimony should be precluded under Rule 403. If Tilghman testifies, Borrelli will have to present substantial evidence to refute her allegations of discrimination. This will enable Heard-McKnight to present a separate trial within her trial. Jurors will lose focus on Heard-McKnight's case and center their attention on Tilghman's story. The risk of prejudice to Borrelli would be tremendous because jurors may be unable to separate both cases. As a result, they might improperly infer that Borrelli engaged in a pattern of discrimination. Given this court's findings in Tilghman's case, Borrelli should not have to endure any such risk.

Finally, Tilghman should not be able to give an opinion about Heard-McKnight's abilities as an Administrator. Tilghman was a co-worker who had no first hand knowledge

2

regarding why Borrelli advised Ms. Heard-McKnight that he would be recommending the non-renewed of Heard-McKnight's Contract. Accordingly, Tilghman's opinion is not relevant to Heard-McKnight's claim of discrimination.

For these reasons and for those more thoroughly set forth in the attached Memorandum of Law, Borrelli requests the Court to preclude the aforementioned testimony of Frances Tilghman.

THE DEFENDANT,
MATTHEW BORRELLI,

BY: /s/ Gary S. Starr
Gary S. Starr
Fed. Bar No. ct 06038
Stephen M. Sedor
Fed. Bar No. ct 21117
Shipman and Goodwin, LLP
One American Row
Hartford, CT 06103-2819
Phone: 860-251-5000
Fax:   860-251-5500

370267 v.01

## CERTIFICATION

This shall certify that a copy of the Defendant's Second Motion in Limine was mailed, postage prepaid, to the following counsel of record on this 10th day of May, 2004.

John R. Williams
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510

                                                   /s/ Stephen M. Sedor
                                                   Stephen M. Sedor

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385