United States District Court
District of Connecticut
FILED AT HARTFORD
December 3, 2004
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCES TILGHMAN and<br>SHARON HEARD-MCKNIGHT, | CIVIL ACTION NO.<br>301CV 01657 (RNC) |
| Plaintiffs, | |
| vs. | |
| WATERBURY BOARD OF<br>EDUCATION, MATTHEW BORRELLI<br>and PHILIP GIORDANO, | |
| Defendants. | MAY 10, 2004 |

### DEFENDANT MATTHEW BORRELLI'S THIRD MOTION IN LIMINE

The Defendant Matthew Borrelli ("Borrelli") hereby moves, in limine, to preclude the Plaintff Sharon Heard-McKnight from introducing evidence concerning the Board's hiring practices that allegedly took place prior to 1999. Heard-McKnight's Complaint alleges in several paragraphs that for many years before she was hired, the Board had engaged in hiring practices that resulted in racial discrimination. See Complaint, ¶¶ 7-9, 14-17.[1] The plaintiff appears to primarily support these allegations by relying on a report from the Connecticut Commission on Human Rights and Opportunities ("CHRO") dated

---

[1] Borrelli acknowledges that he has moved to exclude the CHRO's Report in his First Motion in Limine. However, even if the Court excludes the Report, any evidence concerning the past practices should be excluded and this is why Borrelli has filed a separate motion in limine concerning this issue.

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

September 2000 (the CHRO's "Report"). The Report, entitled *Employment Practices in the Waterbury School District*, purports to be an "investigation" by the CHRO into the Waterbury Board of Education's (the "Board") past hiring practices.

Presumably, Heard-McKnight will assert that the Board's past hiring practices may create an inference of discrimination in her case. However, the Court should exclude any evidence concerning the Board's hiring practices before she was hired for three reasons.

First, this is not a failure to hire case. In fact, Heard-McKnight was hired in late August 1999, at a time when the CHRO applauded the Board's efforts to recruit minorities. Since the Board hired Heard-McKnight, it obviously did not use a discriminatory hiring practice against her.

Second, Borrelli was the person who reviewed Heard-McKnight's performance and advised her that he would recommend the non-renewal of her contract. Borrelli was hired by the Board in February 2000, which is after the hiring practices discussed in the Report. The supposedly improper hiring practices of persons other than Borrelli have no probative value in Heard-McKnight's case.

Third, the overwhelmingly prejudicial effect of this evidence will significantly outweigh its non-existent probative value. If a jury believes that the Board engaged in past

2

discriminatory practices, it will be unable to separate those practices from this case. Moreover, they will certainly look to penalize Borrelli for what it may believe are past transgressions of the Board. Given the minimal, if any, probative value of the Board's <u>past</u> practices, the court should not expose Borrelli to this unfair risk.

Finally, evidence of past practices will unduly prolong the trial and confuse the relevant issues. If admitted, Borrelli will have to present substantial evidence on this issue which is unrelated to the claim against him. This will create several "mini-trials" that will prolong the trial and confuse the jury.

For these reasons and those more thoroughly set forth in the attached Memorandum of Law, Borrelli requests the Court to preclude any evidence concerning the Board's past hiring practices.

THE DEFENDANT,<br>
MATTHEW BORRELLI,<br><br>
BY: _/s/ Stephen M. Sedor_<br>
Gary S. Starr<br>
Fed. Bar No. ct 06038<br>
Stephen M. Sedor<br>
Fed. Bar No. ct 21117<br>
Shipman and Goodwin, LLP<br>
One American Row<br>
Hartford, CT 06103-2819<br>
Phone: 860-251-5000<br>
Fax: 860-251-5500<br>

## CERTIFICATION

This shall certify that a copy of the Defendant's Third Motion in Limine was mailed, postage prepaid, to the following counsel of record on this 10th day of May, 2004.

John R. Williams
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510

_/s/ Stephen M. Sedor_
Stephen M. Sedor

370510 v.01

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385